**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4233**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE LUIS MORALES,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Samuel G. Wilson, District Judge. (5:06-cr-00037-sgw)

_____

Submitted: November 21, 2007          Decided: January 7, 2008

_____

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

David L. Heilberg, DYGERT, WRIGHT, HOBBS & HEILBERG, PLC, Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Luis Morales pled guilty to conspiracy to possession of 500 grams or more of methamphetamine with intent to distribute, 21 U.S.C. § 846 (2000), and was sentenced to a term of 151 months imprisonment. Morales appeals his sentence, arguing that the district court's fact findings in connection with the sentence were error under United States v. Booker, 543 U.S. 220 (2005); contesting the court's decision to deny him an adjustment for acceptance of responsibility, U.S. Sentencing Guidelines Manual § 3E1.1 (2006), and a reduction under the safety valve provisions in USSG § 2D1.1(b)(9) and § 5C1.2; and arguing that the sentence is unreasonable because the district court refused to impose a sentence below the guideline range to correct an alleged unwarranted disparity between Morales' sentence and the sentences received by his co-defendants and other similarly situated defendants. We affirm.

On February 22, 2006, state and federal law enforcement officers executed a search warrant at the home of Stephanie Fitzgerald. They found 134.08 grams of crack, $9765, scales, and packaging materials. Fitzgerald decided to cooperate and called Michael Fisher, who agreed to bring more methamphetamine to her house. Fisher and Morales arrived shortly afterward. Fisher was carrying a bag that contained 364.39 grams of methamphetamine; he had another 110.92 grams of methamphetamine in his pocket. He was

- 2 -

also carrying a pistol and ammunition. Morales was carrying $927 in currency and a small quantity of methamphetamine. Morales' wife, Jennifer Fisher Morales (Michael Fisher's sister), was later arrested. Morales told investigators that he bought small amounts of methamphetamine for himself and his wife, but denied selling methamphetamine. However, Fitzgerald, Michael Fisher, and Jennifer Fisher Morales all implicated Jose Morales in the conspiracy. In particular, Michael Fisher said that he delivered four ounces of methamphetamine to Fitzgerald from Jose and Jennifer Morales on ten occasions, a total of 1134 grams of methamphetamine.

In the presentence report, the probation officer recommended that Morales was responsible for more than 1.5 kilograms of methamphetamine. This amount included the 609.39 grams of methamphetamine seized at Fitzgerald's house on February 22, 2006; another 252.60 grams of methamphetamine which was the equivalent of the $10,692 seized from Fitzgerald and Michael Fisher; and the 1134 grams of methamphetamine that Michael Fisher said he delivered to Fitzgerald between November 2005 and February 2006. The probation officer recommended a base offense level of 34 (500 grams to 1.5 kilograms of methamphetamine), see USSG § 2D1.1(c)(3)), but did not recommend an adjustment for acceptance of responsibility.

Morales objected to the drug quantity on constitutional grounds and claimed that the evidence of a higher drug quantity was

based on unreliable statements from his co-defendants.  He also asserted that he should receive an adjustment for acceptance of responsibility based on his guilty plea.  He maintained that his statement to the probation officer in which he admitted obtaining methamphetamine for his personal use satisfied the "truthful proffer" requirement for a safety valve reduction.  See 18 U.S.C. § 3553(f) (2000); USSG § 5C1.2(a)(5).[*]  Finally, he argued that his sentence should not be longer than the sentences of his co-defendants and other similarly situated defendants in the same district.

At sentencing, after hearing testimony from the federal case agent and from Michael Fisher, the district court concluded that Fisher was a credible witness and determined that the quantity involved in the conspiracy exceeded 1.5 kilograms of methamphetamine, enough to justify a base offense level of 34.  The court decided that Morales had not accepted responsibility because he had minimized his role in the conspiracy.  The court also determined that Morales was not eligible for the safety valve reduction because any admissions he had made to the probation officer did not qualify as information provided to the government and because Morales' admissions to the probation officer minimized

---

[*]The fifth criteria for a safety valve reduction is that the defendant, by the time of sentencing, have "truthfully provided to the Government all information and evidence [he] has concerning the offense . . . ."  18 U.S.C. § 3553(f)(5); USSG § 5C1.2(a)(5).

his participation in the conspiracy. The court held that there was no constitutional violation because the guidelines were applied as advisory.

Morales' attorney then requested a downward departure, arguing that a sentence greater than those received for the same crime by his co-defendants, and other defendants in the same district, would violate Booker by creating unwarranted disparity. The request in fact constituted a request for a variance sentence pursuant to 18 U.S.C. § 3553(a)(6) (2000). The district court declined to impose a sentence below the guideline range, stating that –

> [T]he Court sees this defendant's role in this offense as substantial, as being one of the actual suppliers within this conspiracy; that [and] his lack of acceptance of responsibility in this matter are factors that I think are important for me to take into account. I have factored them in and I have considered all of the factors under [18 U.S.C.A. §] 3553(a) [(West 2000 & Supp. 2007)] in arriving at the decision [to impose a sentence of 151 months].

Morales' first allegation of error under Apprendi v. New Jersey, 430 U.S. 566 (2000), and Booker is without merit. After Booker, the sentencing court must still calculate the appropriate advisory guideline range by making any necessary factual findings. United States v. Battle, 499 F.3d 315, 322 (4th Cir. 2007), petition for cert. filed, ___ U.S.L.W. ___, (U.S. Oct. 4, 2007) (No. 07-6945); United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). The court must then

consider the resulting advisory guideline range in conjunction with the factors set out in § 3553(a) and determine an appropriate sentence. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). We will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable," id. at 433 (internal quotation marks and citation omitted), and "a sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of reasonableness to within-guidelines sentence). Consequently, Morales' sentence did not constitute a violation of the Sixth Amendment or an erroneous upward variance, as he contends. See Battle, 499 F.3d at 322.

Morales claims that the district court's factual finding concerning the quantity of methamphetamine was erroneous because the court relied on Michael Fisher's testimony. However, under the advisory guideline system, the district court continues to make factual findings about sentencing factors by a preponderance of the evidence, and its findings are reviewed for clear error. Battle, 499 F.3d at 322-23. The court found Fisher's testimony credible. The district court's credibility findings are not reviewable on appeal. See United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987) ("Absent compelling evidence to the contrary, this court

declines to overturn a factual determination founded on witness demeanor and credibility."). In addition, Fisher's testimony was corroborated by Fitzgerald's statement. Therefore, the district court did not clearly err in finding that Morales was responsible for more than 1.5 kilograms of methamphetamine based in part on Fisher's testimony.

Next, we find no clear error in the district court's decision to deny Morales an adjustment for acceptance of responsibility. To receive the adjustment, a defendant must demonstrate "by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." United States v. May, 359 F.3d 683, 693 (4th Cir. 2004) (quoting United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996)). A guilty plea alone is insufficient to entitle a defendant to the adjustment. May, 359 F.3d at 693; USSG § 3E1.1, comment. (n.3) (a guilty plea is significant evidence of acceptance of responsibility, but is not dispositive). The district court's determination that a defendant has accepted responsibility is reviewed for clear error. United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007).

Morales argues that he made an early decision to plead guilty with or without a plea agreement, which should have entitled him to the adjustment. He asserts that he made "truthful admissions" in connection with his plea. However, he admitted only

that he bought small amounts of methamphetamine for personal use and denied selling methamphetamine in any quantity. His position at sentencing was thus at odds with the factual basis underlying his guilty plea, to which he assented. The court determined that Morales had minimized his participation in the conspiracy in a manner which precluded an adjustment for acceptance of responsibility. The court's finding was not clearly erroneous.

With respect to the safety valve reduction, the district court must determine whether the defendant has satisfied the five criteria set out in § 5C1.2. United States v. Ivester, 75 F.3d 182, 185 (4th Cir. 1996). The defendant has the burden of showing that he has met all five requirements, United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997), and also has the burden of acting affirmatively to satisfy the fifth criteria, that is, "to ensure that the Government is truthfully provided with all information and evidence [he has] concerning the relevant crimes." Ivester, 75 F.3d at 185. Disclosures made to the probation officer do not satisfy this requirement. United States v. Wood, 378 F.3d 342, 353 (4th Cir. 2004). The district court's factual finding as to whether the defendant has made the necessary showing as to each requirement is reviewed for clear error. Wilson, 114 F.3d at 432.

Here, the district court found that Morales' statements to the probation officer were not sufficient, and in any case, in those statements Morales minimized his participation in the

offense. Therefore, the court determined in effect that Morales had made no attempt to provide to the government all information he possessed about the offense, which made him ineligible for the safety valve reduction. We conclude that the district court's factual finding was not clearly erroneous.

Last, Morales argues that the court failed to avoid an unreasonable sentence disparity between his sentence and the sentences of his co-defendants, all of whom received sentences of 100 months or less, and the eighty-seven-month sentences given in early 2007 by a different judge in the same division to three other federal defendants guilty of methamphetamine conspiracy.

One of the factors the sentencing court must consider is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ." 18 U.S.C. § 3553(a)(6). However, "the kind of disparity with which § 3553(a) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case." United States v. Pyles, 482 F.3d 282, 290 (4th Cir. 2007) (internal quotation and citation omitted), petition for cert. filed, ___ U.S.L.W. ___ (U.S. July 23, 2007) (No. 07-5497); see also United States v. Clark, 434 F.3d 684, 687 (4th Cir. 2006) (same).

However, under Pyles and Clark, Morales' co-defendants' sentences are not relevant to the question of unwarranted

disparity.  With respect to the sentences of other defendants in the Harrisonburg area, Morales made no showing that their lower sentences were due to anything other than the proper application of the guidelines.  In his reply brief, Morales claims that he was unable to prove unwarranted disparity based on a pattern of discrimination against Hispanic defendants because the records for the defendants whose judgments he submitted are sealed, and he asserts that the district court should have investigated the sealed records of these defendants and others to determine the proper sentence in his case.  Whatever the practical difficulties may be in proving unwarranted disparity, Morales did not show that the differences in the sentences were grounds for a variance.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 10 -